By the Court.
Campbell, J.
It may be admitted, as the counsel for the plaintiff contended, that as the law stood before the Code, a dormant partner was not a necessary party in an action at law for the recovery of a partnership debt, except in those cases in which he was known as a party to the contract from which the debt arose. (2 Sand. 324; 3 Cow. 85; 4 Cow. 117; 23 Wend. 456; Collyer on Part. § 393.) But it is not denied that in all suits in equity for the benefit of a partnership, every partner, active or dormant, open or secret, having any interest in the subject in controversy, was held to be a necessary party; and we agree with the referee, that it is the rule which prevailed in courts of equity that the Code has adopted and made universal. The terms of section 111 of the Code, that “ every action must be prosecuted in the name of the real party in interest, except as other *420 ■wise provided in section 113,” are plainly imperative, and it follows, that as Zingsem was a real party in interest, this action ought to have been brought in his name, as well as in that of the plaintiff.
It has never been supposed, that one partner is a trustee for his copartners, in any sense of the term that has ever prevailed at law or in equity, and we, therefore agree with the referee, that the plaintiff cannot maintain the action as “trustee of an express trust,” within the meaning of § 113 of the Code. We do not, however, mean to say, that a contract in writing may not be só framed as to constitute one partner a trustee for his copartners, within the provisions of that section; but such is not the case before us.
The judgment dismissing the complaint, must be affirmed, with costs.